**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

--------------------------------------------------------------x

MICHELLE MURPHY, on behalf of      :
herself and all others similarly situated,   :

                                      :    **Civil Action No.**
                         Plaintiff,     :

                                        :    **CLASS ACTION COMPLAINT**
            -against-         :

                                        :

WAL-MART STORES, INC. and        :
WAL-MART.COM USA, LLC,        :

                                        :
                     Defendants.    :

--------------------------------------------------------------x

Plaintiff Michelle Murphy, by and through her attorneys, Denlea & Carton LLP,  on

behalf of herself and all others similarly situated, brings this action based upon her own personal

knowledge as to herself and her own acts, and upon information and belief and the investigation

of her counsel as to all other matters, and alleges as follows:

<u>NATURE OF ACTION</u>

1.      This is a consumer class action against the world's largest retailer and its online

website subsidiary to recovery statutory penalties and/or actual damages due to Defendants

imposition of unfair, one-sided and illegal provisions in their Terms of Use which purchasers are

required to accept in order to complete their online purchases.  Defendants' Terms of Use violate

New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A.

56:12-14 *et seq.*, and this class action lawsuit seeks to hold Defendants accountable for those

violations.

2.      The TCCWNA was enacted specifically to prevent deception in consumer

contracts and to penalize businesses which draft consumer contracts that violate New Jersey

consumer protection law. The TCCWNA was enacted 35 years ago because "[f]ar too many

consumer contracts, warranties, notices and signs contain provisions which clearly violate the rights of consumers.  Even though these provisions are legally invalid or unenforceable, their very inclusion in a contract, warranty, notice or sign deceives a consumer into thinking that they are enforceable and for this reason the consumer often fails to enforce his rights."  Statement, Bill No. A1660, N.J. Laws, Chapter 454, Assembly No. 1660, page 2.

3.     The primary goal of the TCCWNA is to prevent confusion and deception among consumers as to both their legal rights and the responsibilities of businesses operating in the State of New Jersey.

4.     Defendants require all users of their walmart.com website to accept the Walmart.com Terms of Use" Agreement in order to access and use the walmart.com website and to purchase goods or services on that website.   As alleged below, numerous provisions in Defendants' Terms of Use violate New Jersey common law and statutory law designed to protect consumers.  Consequently, Defendants have violated the TCCNWNA, and Plaintiff seeks injunctive relief and statutory damages or penalties for herself and for all the members of the Class she seeks to represent.

## THE PARTIES

5.     Plaintiff Michelle Murphy is a resident of Mine Hill, Morris County, New Jersey. On November 21, 2015 and November 26, 2015, Plaintiff purchased various items, including printer ink, toys, video games, and clothing, using Defendants' Wal-mart.com website.  Plaintiff and the Class Members are "consumers" as defined by N.J.S.A. 56:12-15, and Plaintiff purchased the items through the Wal-mart.com website primarily for personal, family, or household purposes.

2

6.      Defendant Wal-Mart Stores, Inc. ("Walmart") is a Delaware corporation with its principal executive offices located at 702 S.W. 8th Street, Bentonville, Arkansas.  Walmart is the world's largest retailer.  Through innovation, Walmart strives to create a customer-centric experience that seamlessly integrates digital and physical shopping.  Physical retail encompasses Walmart's "brick and mortar" presence in each market in which it operates.  Digital retail is comprised of Walmart's e-commerce websites and mobile commerce applications.  Each week, Walmart serves nearly 260 million customers who visit 11,530 stores under 63 banners in 28 countries and e-commerce websites in 11 countries.

7.      Walmart's operations comprise three reportable business segments: Walmart U.S., Walmart International, and Sam's Club.  During fiscal 2016, Walmart generated total revenues of $482.1 billion.

8.      Walmart U.S. is Walmart's largest segment, and operates retail stores in all 50 states in the U.S., Washington, D.C., and Puerto Rico.  Walmart U.S. generated approximately 62% of Walmart's net sales in fiscal 2016, amounting to $298.4 billion.  The Walmart U.S. segment is a mass merchandiser of consumer products operating under the "Walmart" or "Wal-mart" brands as well as walmart.com.  More than 78% of Americans shopped at Walmart stores or at walmart.com in 2015.  Walmart U.S. provides its customers access to a broad assortment of merchandise, including products not found in Walmart U.S.'s physical stores, and services online through its e-commerce websites and mobile commerce applications.  Walmart.com experiences on average 85 million unique visits per month, and offers access to approximately 8 million SKUs.  Walmart.com is the third most visited U.S. retail website according to Walmart's 2016 Annual Report.  In addition, walmart.com includes Marketplace, a feature on the website that

permits third parties to sell merchandise on walmart.com.  Digital retail is integrated with the physical stores through services like "Walmart Pickup," "Pickup Today," and "Online Grocery."

9.     Walmart transacts a very substantial amount of business in the State of New Jersey.  Walmart operates 26 Supercenters and 34 discount stores in the State of New Jersey.  In addition, New Jersey residents purchase many millions of dollars of merchandise and services each year on the walmart.com website.

10.     Defendant Wal-Mart.com USA, LLC is a California limited liability corporation with its principal offices located at 850 Cherry Avenue, San Bruno, California.  Wal-Mart.com USA, LLC is a subsidiary of Walmart, and offers online retail products and services to Walmart.com customers in the United States, APO/FPO military addresses, American Samoa, Guam, Northern Marianas Islands, Puerto Rico, and the U.S. Virgin Islands.

11.     As a direct result of Defendants' violations of the TCCWNA, Plaintiff and the other Class members are entitled to statutory penalties and/or actual damages, have been injured thereby, and seek recovery for their monetary damages in this action.

## JURISDICTION AND VENUE

12.     Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d), because members of the proposed Class are citizens of states different from Defendants' home states; there are more than 100 Class members, and the amount-in-controversy exceeds $5,000,000 exclusive of interest and costs.

13.     This Court has jurisdiction over Defendants named herein because Defendants have sufficient minimum contacts with the State of New Jersey and/or otherwise intentionally avail themselves of the laws and markets of the State of New Jersey through the promotion, sale,

marketing, and distribution of goods and services in the State of New Jersey to render the exercise of jurisdiction by this Court permissible.

14.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants' improper conduct alleged in this Complaint occurred in and was directed to this judicial district, has caused harm to Class members residing in this district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

15.     Defendants market and sell a vast array of products and services throughout the State of New Jersey.  Besides the 60 Supercenters and discount stores that Walmart operates in the State of New Jersey, Defendants sell even more products and services to New Jersey residents through their walmart.com website.

16.     Plaintiff and Class members have purchased products and services from Defendants' walmart.com website.  The walmart.com website homepage contains a Terms of Use link at the bottom of the homepage.  Opening that link leads the user to Defendants' full Terms of Use.

17.     The Introduction section of the Terms of Use expressly provides:  "Welcome to the family of websites provided by Wal-Mart.com USA, LLC and Wal-Mart Stores, Inc. (collectively, "Walmart").  This Agreement applies to all of the websites where it is posted (collectively "Walmart Sites").  By using one of the Walmart Sites, you accept this Agreement and certify that you are above the age of majority in your jurisdiction."  Thus, the Introduction section of the Terms of Use purports to be a binding agreement between Defendants and all persons who use the websites and/or purchase any of the goods and services available on Defendants' websites.

5

18.     In Section 10 of the Terms of Use, Defendants purport to disclaim liability for any

of the information posted on their walmart.com websites:

> INFORMATION PROVIDED ON THE WALMART SITES
>
> Walmart and our customers post a variety of material on the Walmart Sites including without limitation, merchandise information, product descriptions, reviews, comments, health and prescription information, and In Store Now information (collectively, "Materials").  The Materials that appear on the Walmart Sites are for educational and informational purposes only.  Despite our efforts to provide useful and accurate information, errors may appear from time to time.  Before you act on information you have found on the Walmart Sites, you should confirm any facts that are important to your decision.  *Walmart and its information providers make no warranty as to the reliability, accuracy, timeliness, usefulness, or completeness of the information on the Walmart Sites. Walmart is not responsible for, and cannot guarantee the performance of, goods and services provided by our advertisers or others to whose sites we link.  Product information contained on the Walmart Sites may be different from information contained on the product materials due to manufacturer changes.  If you find a product is not as described, your sole remedy is to return it in unused condition (excluding products that are not eligible for return).* (Emphasis added).
>
> No health, wellness, prescription or pharmaceutical information is intended to substitute for the diagnosis, treatment and advice of a medical professional and this information does not cover all possible uses, precautions, side effects and interactions and should not be construed to indicate that any drug is safe for you.  Consult the product information (including package inserts) regarding dosage, precautions, warnings, and interactions and your medical professional for guidance before using any prescription or over the counter drug.
>
> WALMART, ITS AFFILIATES, AND AGENTS ASSUME NO RESPONSIBILITY FOR ANY CONSEQUENCE RELATING DIRECTLY OR INDIRECTLY TO ANY ACTION OR INACTION YOU TAKE BASED ON THE MATERIALS LOCATED ON ANY OF THE WALMART SITES. (Capitalization in original).

19.     In Section 18 of the Agreement, titled "INDEMNIFICATION," Defendants

purport to require all users or customers to indemnify and hold harmless Walmart and its

affiliates from any and all claims, damages, costs, and expenses arising from the users' or

customers' use of the Walmart sites:

> You agree to defend, indemnify, and hold harmless Walmart and its affiliates from and against all claims, damages, costs, and expenses, including attorneys' fees, arising from or related to your use of the Walmart Sites or any breach by you of this Agreement.

20.     In Section 20 of the Agreement, titled "DISCLAIMER," Defendants purport to

disclaim any and all liabilities for warranties of any kind as to the operation of the walmart.com

website and the information, contents, materials, or products included on the website:

> THIS SITE IS PROVIDED BY WALMART ON AN "AS IS" AND "AS AVAILABLE" BASIS.  WALMART MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, AS TO THE OPERATION OF THE WALMART SITES OR THE INFORMATION, CONTENT, MATERIALS, OR PRODUCTS INCLUDED ON THE WALMART SITES.  TO THE FULL EXTENT PERMISSIBLE BY APPLICABLE LAW, WALMART DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.  WITHOUT LIMITING THE FOREGOING, WALMART DISCLAIMS ANY AND ALL WARRANTIES, EXPRESS OR IMPLIED, FOR ANY MERCHANDISE OFFERED ON THE WALMART SITES.  YOU ACKNOWLEDGE BY YOUR USE OF THE WALMART SITES, THAT YOUR USE OF THE WALMART SITES IS AT YOUR SOLE RISK.  THIS DISCLAIMER DOES NOT APPLY TO ANY PRODUCT WARRANTY OFFERED BY THE MANUFACTURER OF THE ITEM.  THIS DISCLAIMER CONSTITUTES AN ESSENTIAL PART OF THIS AGREEMENT. SOME STATES DO NOT ALLOW LIMITIATIONS ON HOW LONG AN IMPLIED WARRANTY LASTS, SO THE FOREGOING LIMITATIONS MAY NOT APPLY TO YOU.  (Capitalization in original).

21.     In Section 21 of the Agreement, titled "LIMITATION OF LIABILITY,"

Defendants purport to extinguish any liability for any indirect, special, incidental or

consequential damages arising out of the use or inability to use the walmart.com websites:

> UNDER NO CIRCUMSTANCES AND UNDER NO LEGAL OR EQUITABLE THEORY, WHETHER IN TORT, CONTRACT, STRICT LIABILITY OR OTHERWISE, SHALL WALMART OR ANY OF ITS

AFFILIATES, EMPLOYEES, DIRECTORS, OFFICERS, AGENTS, VENDORS OR SUPPLIERS BE LIABLE TO YOU OR TO ANY OTHER PERSON FOR ANY INDIRECT, SPECIAL, INCIDENTAL OR CONSEQUENTIAL LOSSES OR DAMAGES OF ANY NATURE ARISING OUT OF OR IN CONNECTION WITH THE USE OR INABILITY TO USE THE WALMART SITES, INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOST PROFITS, LOSS OF GOODWILL, LOSS OF DATA, WORK STOPPAGE, ACCURACY OF RESULTS, OR COMPUTER FAILURE OR MALFUNCTION, EVEN IF AN AUTHORIZED REPRESENTATIVE OF WALMART HAS BEEN ADVISED OF OR SHOULD HAVE KNOWN OF THE POSSIBILITY OF SUCH DAMAGES.  SUBJECT TO THE FOREGOING, IN NO EVENT WILL WALMART BE LIABLE FOR ANY DAMAGES IN EXCESS OF THE FEES PAID BY YOU IN CONNECTION WITH YOUR USE OF THE WALMART SITES DURING THE SIX MONTH PERIOD PRECEDING THE DATE ON WHICH THE CLAIM AROSE. (Capitalization in original).

22.     The above provisions in the Terms of Use purport to impose illegal conditions upon customers who visit Defendants' walmart.com website and/or purchase products or services from the site.  The above provisions violate the TCCWNA.

23.     New Jersey's consumer protection laws, including the TCCWNA, are designed to protect consumers from the type of unconscionable and illegal provisions contained in Defendants' Terms of Use as set forth above.

24.     The New Jersey Consumer Fraud prohibits "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid…"  N.J.S.A. § 56:8-2. The Consumer Fraud Act provides that any person who suffers an ascertainable loss of money or property as a result of the use or employment by another person of any act or practice unlawful under the Consumer Fraud Act is entitled to recover actual damages, treble damages, attorneys' fees and costs, as well as

other appropriate legal or equitable relief.  N.J.S.A. § 56:8-19.

25.     Yet Section 10 of Defendants' Terms of Use, "Information Provided on the
Walmart Sites," purports to disclaim any liability of Defendants for any representations or
information contained on the Walmart sites, including disclaiming the reliability, accuracy,
timeliness, usefulness, or completeness of the information on the Walmart sites.  Section 10
deceives users and customers into thinking that Defendants have no liability for false and
misleading information on their websites when, in actuality, the Consumer Fraud Act protects
users and customers from such false and misleading information, and provides them with
damages, including punitive damages, for any ascertainable losses they may suffer.  Section 10,
therefore, violates the Consumer Fraud Act and by extension the TCCWNA.

26.     Section 18 of Defendants' Terms of Use, "Indemnification," purports to require
users to indemnify Defendants from any and all claims users may have arising from the use of
the Walmart sites.  But such an Indemnification clause is precisely the type of illegal clause that
the New Jersey legislature has found violates the TCCWNA: "Examples of [] provisions [in
violation of the TCCWNA] are those that deceptively claim that a seller or lessor is not
responsible for any damages caused to a consumer, even when such damages are the result of the
seller's or lessor's negligence.  These provisions provide that the consumer assumes all risks and
responsibilities, and even agrees to defend, indemnify and hold harmless the seller from all
liability."  Statement Bill No. 1660, 1981 N.J. Laws, Chapter 454, Assembly No. 1660, page 2.

27.     Section 20 of Defendants' Terms of Use purports to disclaim all warranties,
express or implied.  Section 20 advises users and customers that some states prohibit limitations
on how long an implied warranty lasts and notifies users and customers that the provision may
not apply to them: "SOME STATES DO NOT ALLOW LIMITIATIONS ON HOW LONG AN

IMPLIED WARRANTY LASTS, SO THE FOREGOING LIMITATIONS MAY NOT APPLY

TO YOU."  But this disclaimer violates TCCWNA.  As the New Jersey Supreme Court held in

*Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 427-428 (2013): "The TCCWNA also prohibits

any provision in a consumer contract requiring a consumer to waive his or her rights under the

Act.  *N.J.S.A. 56:12-16.*  That section further provides that a contract or notice must clearly

identify which provisions are void, inapplicable, or unenforceable in New Jersey.  *Ibid.*  In other

words, a contract or notice cannot simply state in a general, nonparticularized fashion that some

of the provisions of the contract or notice may be void, inapplicable, or unenforceable in some

states.  *See ibid.*  That is precisely what Section 20 does – in direct violation of the TCCWNA.

28.     Section 21 of the Terms of Use attempts to disclaim any liability of Defendants

for any indirect, special, incidental or consequential damages or losses of any kind arising under

any legal theory.  New Jersey courts have established that such exculpatory clauses that prevent a

consumer's right to damages are not allowed.  *Martinez-Santiago v. Public Storage*, 38

F.Supp.3d 500, 512-513 (D.N.J. 2014); *Marcinzyk v. State of New Jersey Police Training

Comm'n*, 203 N.J. 586, 593 (2010).  Section 21, therefore, violates the TCCWNA.

29.     Defendants' imposition upon consumers of the above-described provisions in the

Terms of Use violates certain common law standards under New Jersey law and certain statutory

provisions designed to protect New Jersey consumers, including the New Jersey Consumer

Fraud Act, N.J.S.A. 56:8-161, *et al.* and the TCCWNA.  The above-described provisions in the

Terms of Use violate clearly established legal rights of Plaintiff and the Class, and misstate the

clearly established legal responsibilities of Defendants under New Jersey law, including New

Jersey common law and the Consumer Fraud Act.  Plaintiff, therefore, brings the statutory claim

alleged herein to enjoin Defendants' continued use of the illegal language in its Terms of Use on

10

Defendants' walmart.com website and to impose the remedies provided for in the TCCWNA.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff seeks to be appointed as the class representative of a Class composed of

and defined as follows:

> All New Jersey residents who purchased any goods or services on the walmart.com website, subject to the Terms of Use set forth thereon. Excluded from the Class are Defendants and any Judge presiding over this matter and the members of his or her immediate family. Also excluded from this Class are the legal representatives, heirs, successors, and attorneys of any excluded person or entity, and any person acting on behalf of any excluded person or entity.

31.     As to the above Class, this action is appropriately suited for class action treatment.

Plaintiff is informed, believes, and thereon alleges, that the Class is sufficiently numerous –

consisting of several hundred thousand individuals -- such that a class action is superior to other

available methods for the fair and efficient adjudication of this controversy because joinder of all

Class members is impractical.

32.     This action involves questions of law and fact common to the Class.  The Terms

of Use that Walmart imposes upon users of its walmart.com website are uniform and are applied

equally to all such New Jersey users on the same conditions and terms.  Such common issues of

law and fact include, but are not limited to:

> •     Whether the Terms of Use on the walmart.com website constitute a contract between Defendants and Plaintiff and the Class members;
>
> •     Whether the Terms of Use  on the walmart.com website apply uniformly and equally to all New Jersey users of the website;
>
> •     Whether the Terms of Use violate the TCCWNA;
>
> •     Whether, as a result of Defendants' violations of the TCCWNA, Plaintiff and the Class members are entitled to statutory penalties, monetary damages, and equitable and injunctive relief.

33.     The questions of law and fact common to the Class members predominate over any questions affecting only individual members, including legal and factual issues relating to liability and available remedies.

34.     Plaintiff's claims are typical of the claims of Class members, and Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff purchased products on the walmart.com website, subject to the illegal Terms of Use set forth thereon. Plaintiff suffered an injury-in-fact as a result of Defendants' illegal conduct, as did all Class members who similarly purchased goods and services on the walmart.com website, subject to the same illegal Terms of Use.

35.     Plaintiff's interests are coincident with and not antagonistic to those of the other Class members.  Plaintiff is represented by counsel who is competent and experienced in the prosecution of class action litigation.

36.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated Class members to adjudicate simultaneously their common claims in a single forum in an efficient manner and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not afford individually to litigate the claims pleaded in this Complaint.  There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE NEW JERSEY TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT ("TCCWNA""), N.J.S.A. 56:12-14 *ET SEQ.*)

37.     On behalf of herself and the Class members, as defined in Paragraph 30 above, Plaintiff hereby realleges, and incorporates by reference as though set forth fully herein, the allegations contained in paragraphs 1 through 36 above.

38.     The TCCWNA provides, in relevant part: "No seller … shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller … as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed."

39.     Defendants are "sellers" within the meaning of N.J.S.A. 56:12-15.

40.     Plaintiff and the Class members are "consumers" within the meaning of N.J.S.A. 56:12-15.

41.     Defendants' "Terms of Use" constitutes a consumer contract displayed and/or offered by sellers to consumers.

42.     The "Terms of Use," as alleged above, include provisions that violate the legal rights of consumers and/or the legal responsibilities of sellers in the State of New Jersey.

43.     Pursuant to N.J.S.A. 56:12-17, Plaintiff and the Class are entitled to (a) a civil penalty of not less than $100, payable separately to Plaintiff and to each Class member, for each

13

violation of the TCCWNA; and (b) reasonable attorneys' fees, costs, and expenses.

44.     Plaintiff reserves the right to identify additional provisions of the law violated by Defendants as further investigation and discovery warrant, and to amend the Complaint to add such provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

1.      Certifying this action as a class action as soon as practicable, with the Class as defined above, designating Plaintiff as the named class representative, and designating the undersigned as Class Counsel.

2.      On Plaintiff's First Cause of Action, awarding against Defendants the statutory penalties to which Plaintiff and the other Class members are entitled and/or the actual damages that Plaintiff and the other Class members have suffered as a result of Defendants' actions, the amount of such penalties and/or actual damages to be determined at trial.

3.      Awarding Plaintiff and the Class interest, costs, and attorneys' fees.

4.      Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by

on all issues so triable.

Dated:      White Plains, New York
             May 10, 2016

                                Respectfully Submitted,

                                /s/  Robert J. Berg
                                DENLEA & CARTON LLP
                                Robert J. Berg, Esq.
                                Peter N. Freiberg, Esq.
                                2 Westchester Park Drive, Suite 410
                                White Plains, N.Y. 10604
                                Telephone: (914) 331-0100
                                Facsimile:  (914) 331-0105
                                rberg@denleacarton.com
                                pfreiberg@denleacarton.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------x

| | |
|---|---|
| MICHELLE MURPHY, on behalf of | : |
| herself and all others similarly situated, | : |
| | : **Civil Action No.** |
| Plaintiff, | : |
| | : **CLASS ACTION** |
| -against- | : |
| | : **CERTIFICATION OF NON-** |
| WAL-MART STORES, INC. and | : **ARBITRABILITY PURSUANT TO** |
| WAL-MART.COM USA, LLC, | : **L. CIV. R. 201.1** |
| | : |
| Defendants. | : |

---------------------------------------------------------------x

Robert J. Berg, of full age, certifies that pursuant to L. Civ. R. 201.1, the within matter is

not arbitrable, being that the Complaint seeks damages that are in excess of $150,000.

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 10th day of May, 2016

Respectfully submitted,

/s/  Robert J. Berg
Robert J. Berg, Esq.
DENLEA & CARTON LLP
2 Westchester Park Drive, Suite 410
White Plains, N.Y. 10604
Telephone: (914) 331-0100
Facsimile:  (914) 331-0105
rberg@denleacarton.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------------------------------x

MICHELLE MURPHY, on behalf of   :
herself and all others similarly situated, :
             :  **Civil Action No.**
       Plaintiff, :
             :  **CLASS ACTION**
   -against-     :
             :  **CERTIFICATION PURSUANT TO**
WAL-MART STORES, INC. and   :  **L. CIV. R. 11.2**
WAL-MART.COM USA, LLC,   :
             :
       Defendants. :

----------------------------------------------------------------x

    Robert J. Berg, of full age, certifies that pursuant to L. Civ. R. 11.2, the matter in

controversy is not the subject of any other action pending in this Court.

    I certify under penalty of perjury that the foregoing is true and correct.

Dated this 10th day of May, 2016

          Respectfully submitted,

          /s/  Robert J. Berg
          Robert J. Berg, Esq.
          DENLEA & CARTON LLP
          2 Westchester Park Drive, Suite 410
          White Plains, N.Y. 10604
          Telephone: (914) 331-0100
          Facsimile:  (914) 331-0105
          rberg@denleacarton.com